### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

 v.                                                     CASE NO.    3:14cr91/MCR

**KENT E. HOVIND**
**and**
**PAUL JOHN HANSEN**

### GOVERNMENT'S MOTIONS IN LIMINE
### ONE THROUGH FOUR

COMES NOW the United States of America and files its Motions in Limine One through Four. At this time the government moves in limine and asks that defense counsel, the defendants, and any defense witnesses be prohibited from making the following types of arguments, suggestions, and claims during the course of the trial (including jury selection, opening statements, testimony, and closing argument).

### Motion in Limine Number One

**Jury Nullification** - The government moves, in limine, to limit the introduction of evidence or argument suggesting jury nullification, that is, the jury members' power to disregard their oaths and decide the case without regard to the Court's instructions thereon. Such jury nullification arguments and efforts to introduce evidence in support of such arguments are improper. As noted by the court in *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1997),

> In *Trujillo*, 714 F.2d at 105-06, we concluded that a criminal defendant is unentitled to a jury instruction which alerts the jury of its de facto power and, further, that defense counsel may not argue jury nullification during closing argument. Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence. *See Zal v. Steppe*, 968 F.2d 924, 930-31 (9th Cir.1992) (Trott, concurring) (no right to present evidence that is irrelevant to a legal defense); *United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C.Cir.1975) (affirming trial court's refusal to admit evidence bearing no legal relation to the charges but which might encourage a "conscience verdict" of acquittal), *supplemented by*, 536 F.2d 410 (D.C.Cir.1976); *United States v. Lucero*, 895 F.Supp. 1421, 1426 (D.Kan.1995) ("defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke finder of fact to disregard the law"). Cf. *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir.1997)(no violation of defendant's substantial rights where only possible deprivation suffered was possibility of jury nullification), petition for cert. filed, (U.S. Sept. 4, 1997) (No. 97-5872).

The government specifically seeks to prohibit counsel, the defendants, and defense witnesses from making any reference to the possible punishments that could be imposed and/or making statements to the following effect: the jury has the "power to determine the course of the fate of a human being," or "don't give the defendant a felony conviction," or "You have the power to say yes to the Government, you have the power to say no to the Government, and you have the power to take a man's freedom away."[1]

**Defendants' Position -** Defense counsel for defendant Hovind indicates that he wishes to address this Motion in Limine further with the Court at the pre-trial conference scheduled for February 20, 2015. (Doc. 79). Defense counsel for defendant Hansen objects to this motion.

---

[1] Attached hereto as Attachment 1 is a copy of the transcript of the closing arguments made by defense counsel Klotz in *United States v. Hester,* 3:13cr34/RV, pgs. 251-277. Examples of the statements the government seeks to prohibit are found in Attachment 1.

## Motion in Limine Number Two

**Improper Argument Concerning Government's Former Counsel -** The government moves, in limine, to prohibit defense counsel, the defendants, and any defense witnesses from making any mention of prior allegations and/or claims against any prior Assistant U.S. Attorney who handled any portion of the cases against defendant Hovind.

**Defendants' Position -** Defense counsel for defendant Hovind indicates that he does not object to such a Motion in Limine. However, defense counsel indicated that his client may desire to make reference to the fact that Hovind filed a complaint against former Northern District of Florida Assistant U.S. Attorney M.H. Defense counsel for defendant Hansen indicated that "the premises are so broad that he is not sure what types of statements are being sought to be excluded."

## Motion in Limine Number Three

**Improper Argument Concerning the Internal Revenue Service -** The government moves, in limine, to prohibit defense counsel, the defendants, and any defense witnesses from making any mention of allegations against and/or alleged conduct of the Internal Revenue Service in Washington D.C. Allegations against and/or alleged conduct of the Internal Revenue Service in Washington D.C. and/or any of its employees is not relevant to the defendants' trial. None of the above is relevant to any fact that is of consequence in this case, and, even assuming, for the sake of argument, that the evidence is relevant, any relevance it has is substantially outweighed by the danger of unfair prejudice and confusion of the issues that admission of the evidence would create.

Therefore, mention of such should be prohibited pursuant to Federal Rules of Evidence, Rules 401 and 403.

**Defendants' Position -** Defense counsel for defendant Hovind indicates that he does not object to such a Motion in Limine.  Defense counsel for defendant Hansen indicated that "the premises are so broad that he is not sure what types of statements are being sought to be excluded."

## Motion in Limine Number Four

**Improper Argument Concerning Policy and/or Changes in Policy -** The government moves, in limine, to prohibit defense counsel, the defendants, and any defense witnesses from making any mention of policies and/or changes in policy of the United States or any agency thereof, i.e. the Internal Revenue Service, the Department of Justice, etc.  Policies of the United States, any agency thereof, and/or changes in policy are not relevant to the defendants' trial.  Policies of the United States Department of Justice are contained in the United States Attorneys' Manual.  The United States Attorneys' Manual only provides internal Department of Justice *guidance*, that is, it does not create any rights, and does not place any limitations on otherwise lawful litigative prerogatives of the Department of Justice.  United States Attorneys' Manual, § 1-1.000; *United States v. Apel*, ___ U.S. ___ , 134 S.Ct. 1144, 1151, 186 L.Ed.2d 75 (2014); *United States v. Bagnell,* 679 F.2d 826, 832 (11th Cir. 1982) (citing a litany of Fifth Circuit Court of Appeals cases – *United States v. McInnis*, 601 F.2d 1319, 1323 (5th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980); *United States v. Nelligan*, 573 F.2d 251, 255 (5th Cir. 1978); *Fry v. United States*, 569 F.2d 303, 304 (5th Cir. 1978)); *United States v. Meyers,* 123

F.3d 350, 355-56 (6th Cir. 1997); *United States v. Lorenzo*, 995 F.2d 1448, 1553 (9th Cir. 1993). Mention of Department of Justice policies and/or changes in Department of Justice or Internal Revenue Service policies should be prohibited pursuant to the aforementioned authority and the Federal Rules of Evidence, Rules 401 and 403.

**Defendants' Position -** Defense counsel for defendant Hovind indicates that he does not object to such a Motion in Limine. Defense counsel for defendant Hansen indicated that "the premises are so broad that he is not sure what types of statements are being sought to be excluded."

WHEREFORE, the undersigned Assistant United States Attorney files these Motions in Limine with the Court.

                                              Respectfully submitted,

                                              PAMELA C. MARSH
                                              United States Attorney

                                              ***/s/ Tiffany H. Eggers***
                                              TIFFANY H. EGGERS
                                              Assistant United States Attorney
                                              Florida Bar Number 193968
                                              21 E. Garden Street, Suite 400
                                              Pensacola, Florida  32502-5675
                                              (850) 444-4000

## RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that the undersigned consulted Thomas S. Keith, attorney for Kent Hovind regarding the government's four Motions in Limine. Mr. Keith requested that government's Motion in Limine number one be addressed at the Court's pre-trial conference. Mr. Keith further indicated that he does not object to the government's Motions in Limine number two through four. The undersigned further consulted J. Christopher Klotz, counsel for defendant Paul John Hansen, and Mr. Klotz indicated the he objects to the government's Motion in Limine number one. With regard to government's Motion in Limine number two through four, Mr. Klotz indicated that "the premises are so broad that [he is] not sure what types of statements are being sought to be excluded."

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically using the Court's CM/ECF system and therefore Thomas S. Keith and J. Christopher Klotz are scheduled to receive a copy of the motion on this on this 17th day of February, 2015.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney