IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

  **v.**                                                                            **CASE NO.**    **3:14cr91/MCR**

**PAUL JOHN HANSEN**

&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;

## GOVERNMENT'S FIFTH MOTION IN LIMINE

COMES NOW the United States of America and files its Fifth Motion in Limine. At this time the government moves in limine and asks that defense counsel, defendant Paul John Hansen, and any defense witnesses be prohibited from making the following types of arguments, suggestions, and claims during the course of the trial (including jury selection, opening statements, testimony, and closing argument).

The government moves, in limine, to prohibit the defense counsel, defendant Paul John Hansen, and any defense witness from arguing or suggesting that the government, the Court's Clerk, or the Grand Jury were under an obligation to identify the legal authority upon which Grand Jury Subpoena 19424 was issued.  As detailed in the Superseding Indictment, Count Six alleges the following:

> *1.        The Federal Grand Jury seated in Pensacola, Florida, was lawfully investigating a matter within the jurisdiction of the United States.*
>
> *2.        On or about July 24, 2014, a Grand Jury Subpoena Duces Tecum (subpoena number 19424) was issued to defendant PAUL JOHN HANSEN directing HANSEN to appear on August 19, 2014, to provide handwriting samples and major case fingerprints.*
>
> *3.        On or about July 31, 2014, defendant PAUL JOHN HANSEN was personally served with the Grand Jury's Subpoena Duces Tecum.  The*

> *subpoena directed HANSEN to appear at the United States Courthouse, 1 North Palafox Street, Pensacola, Florida, on August 19, 2014, at 9:00 am.*
>
> *4.        On August 19, 2014, defendant PAUL JOHN HANSEN failed to appear before the Grand Jury.*

(Doc. 28).  The Grand Jury's Subpoena *Duces Tecum* for which Hansen failed to comply directed Hansen to appear and provide handwriting samples and major case fingerprints. (Doc. 28).  The government expects that the evidence will show that when Hansen was served with the Grand Jury Subpoena he was told that failing to comply with the subpoena could result in his arrest.  Thereafter, Hansen sent a letter to the United States District Court which was thereafter forwarded to the government.   (A copy of the defendant's written communication is attached hereto as Exhibit A.)  During the same time period, the defendant had email communication with the United States Attorney's Office Victim Witness Specialist when the Victim Witness Specialist was attempting to make the defendant's travel arrangements.  At that time, the defendant forwarded a copy of the same written communication previously sent to the Court.  As a result of the defendant's communication, the defendant was notified that if he desired legal advice concerning the laws in which the subpoena was based, then he should obtain legal counsel.  Thereafter, the defendant failed to appear and comply.

At the defendant's detention hearing held before United States Magistrate Judge Charles J. Kahn, Jr., it appeared as though the defense was suggesting that the government or the Court were under some obligation to identify the legal authority for the Grand Jury Subpoena.  No such requirement exists.  "[A] grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing

unreasonableness must be on the recipient who seeks to avoid compliance." *United States v. R. Enterprises, Inc.*, 490 U.S. 292, 301 (1991).  The Supreme Court has further stated that "Any holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." *United States v. Dionisio*, 410 U.S. 1, 17 (1973).  "Requiring the Government to explain in too much detail the particular reasons underlying a subpoena threatens to compromise 'the indispensable secrecy of grand jury proceedings.'" *R. Enterprises*, *Inc.*, 498 U.S. at 299 (quoting *United States v. Johnson*, 319 U.S. 503, 513 (1943)).

In the present case, the defendant failed to appear and comply with the lawfully issued grand jury subpoena.  As shown above, the burden was upon the defendant (as the grand jury subpoena's recipient) to show unreasonableness.   Based upon the aforementioned, the government asks this Court to prohibit the defendant, defense counsel, and any defense witness from arguing or suggesting that the government, the Court's Clerk, or the Grand Jury were under a legal obligation to identify the legal authority upon which the Grand Jury Subpoena was issued.

WHEREFORE, the undersigned Assistant United States Attorney files this Motion in Limine with the Court.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar Number 193968
21 E. Garden Street, Suite 400
Pensacola, Florida  32502-5675
(850) 444-4000

## RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that the undersigned consulted J. Christopher Klotz, counsel for defendant Paul John Hansen, and Mr. Klotz indicated the he objects to the government's Motion in Limine.  Prior to submission of this motion, the undersigned contacted counsel for defendant Kent E. Hovind and explained that this motion was not directed at defendant Hovind as the government had no indication that defendant Hovind would be making such an argument or claim at trial as defendant Hovind is not charged in Count Six of the Indictment.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically using the Court's CM/ECF system and therefore Thomas S. Keith and J. Christopher Klotz are scheduled to receive a copy of the motion on this on this 19th day of February, 2015.

*/s/ **Tiffany H. Eggers***
TIFFANY H. EGGERS
Assistant United States Attorney