IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.    3:14cr91/MCR

KENT E. HOVIND
and
PAUL JOHN HANSEN

_____

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files proposed jury instructions in the above styled cause.  Where a proposed instruction matches that of the Eleventh Circuit Pattern Jury Instructions (2010), Basic Instruction ("BI"), Special Instruction ("SI") or Offense Instruction ("OI"), it will be listed followed by the appropriate number.  The proposed jury instructions include:

1. BI #1 - Introduction

2. BI # 2.1 or 2.2 as applicable - Duty to Follow Instructions and Presumption

3. BI # 3 - Definition of Reasonable Doubt

4. BI # 4 - Consideration of the Evidence Direct and Circumstantial

5. BI # 5 - Credibility of Witnesses

6. BI # 6.1 or 6.3 as applicable - Impeachment - Inconsistent Statement

7. BI # 7 - Expert Witnesses

8.  SI # 5 – Note-taking

9.  BI # 8 – Introduction to Offense Instructions

10. OI # 54 – Conspiracy to Commit Mail fraud 18 U.S.C. § 1349[1]

11. OI # 50.1 – Mail Fraud 18 U.S.C. § 1341[2]

12. Title 18, United States Code, Section 401(3) proposed elements[3]

    First:   That the Court entered a lawful process, order, decree, or command of reasonable specificity identified in the Superseding Indictment;

    Second: The order was violated; and

    Third:  The violation was willful.

13. SI # 7 - Aiding and Abetting; Agency, 18 U.S.C. § 2

14. SI # 11 – Attempt

15. OI # 13.5 - Pinkerton Instruction[4]

16. BI # 9.1A - On or About; Knowingly; Willfully

---

[1] Count One of the Superseding Indictment.  (Doc. 28).
[2] Counts One, Two, and Four of the Superseding Indictment.  (Doc. 28).
[3] Counts Three, Five, and Six of the Superseding Indictment.  (Doc. 28).  This proposed instruction was taken from *United States v. Bernadine*, 237 F.3d 1279, 1282  (11th Cir. 2001).  *See also*, *United States v. Maynard*, 933 F.2d 918, 920 (11th Cir. 1991); *United States v. Moore*, 812 F.2d 1552, 1563 (11th Cir. 1987).
[4]   Based upon the government's theory of the case, the government requests that the jury be instructed under both the principal and *Pinkerton* theories for Counts Two and Four of the Superseding Indictment. (Doc. 28).

17.     SI # 8 – Deliberate Ignorance as Proof of Knowledge – *Modified*[5]

*Option One*

Knowledge may be established if you find beyond a reasonable doubt that the Defendant deliberately ignored obvious facts or was aware of a high probability that those facts existed.  The elements of knowledge may be inferred if the Defendant deliberately closed his eyes to what would otherwise have been obvious to him.

You may not find that the Defendant acted knowingly, however, if you find that the Defendant actually believed that the facts did not exist.

A showing of negligence, mistake, or carelessness is not sufficient to support a finding of knowledge.  Indeed, to support actual knowledge in this case, the Government must show beyond a reasonable doubt that the Defendant made a conscious decision to avoid learning facts that otherwise would have given him the actual knowledge.

*Option Two*

Now speaking further about knowledge, the element of knowledge may be satisfied by inferences drawn from the proof that a Defendant deliberately closed his eyes to what would otherwise have been obvious to him.  A finding beyond a reasonable doubt of conscious purpose to avoid enlightenment would permit an inference of knowledge.  Stated another way, a Defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.  It is entirely up to you as to whether you find deliberate closing of the eyes and the inferences to be drawn from any such evidence.  A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

---

5    The Eleventh Circuit Court of Appeals' willful blindness instruction, Special Instruction # 8, specifically addresses controlled substance possession; therefore, the government submits this proposed willful blindness instruction.  The government has included two options for instructing the jury regarding willful blindness.  Option One was given by this Court in the case of *United States v. Raysean Richardson*, 3:11cr70/MCR, Doc. 125, pg. 27.   A copy of the willful blindness instruction given in *Richardson* is attached hereto as Exhibit A.  Option Two was given by Senior U.S. District Court Judge Lacey A. Collier in the case of *United States v. Dean*, 487 F.3d 840, 851 (11th Cir. 2007), 3:05cr25/LAC, Doc. 133, pg. 15.  A copy of the willful blindness instruction given in *Dean* is attached hereto as Exhibit B.  The Eleventh Circuit Court of Appeals approved the District Court's use of the instruction in *Dean*.

18.   Government's Proposed Special Instruction for Count Six of the Indictment against Paul John Hansen.[6]

Grand Jury Subpoena *Duces Tecum* 19424 was a lawfully issued Order of this Court.  As such, the Court, the Court's Clerk, and the United States were not required to identify the law or legal authority upon which Grand Jury Subpoena *Duces Tecum* 19424 was issued or entered.

19.   Government's Proposed Special Instruction for Conjunctive Charging Language[7]

Although the Superseding Indictment may charge the Defendant with committing an offense in several ways by using the word "and," it is not necessary for the Government to prove that the Defendant under consideration did each of the things named in the Superseding Indictment. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant did one of the alternative acts as charged.

20.   Government's Proposed Special Instruction for Charts or Summaries[8]

Charts or summaries have been prepared by the Government and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents in the case. Some of these charts or summaries have been admitted into evidence.

You may consider the charts or summaries as you would any other evidence admitted during the trial and give them such weight or

---

[6]  The government addressed the legal authority supporting this issue in the Government's Fifth Motion in Limine.  (Doc. 86).  The government incorporates by reference said legal authority.

[7]   Counts One, Two, Three, and Four use conjunctive language.  Federal pleading requires that an indictment charge be in the conjunctive to inform the accused fully of the charges; however, the government must only prove in the disjunctive.  *United States v. Howard*, 742, F.3d 1334, 1343, n. 3 (11th Cir. 2014); *United States v. Felts*, 579 F.3d 1341, 1344 (11th Cir. 2009); and, *United States v. Pacchioli*, 718 F.3d 1294, 1301 (11th Cir. 2013)(citing *Felts*).  The government's proposed instruction was taken from the instruction recently given in *United States v. Castleberry et al*, 3:14cr59/RV, Doc. 264, pg. 27.  A copy of said instruction is attached hereto as Exhibit C.

[8]   The proposed charts and summaries instruction was taken from *United States v. Raysean Richardson*, 3:11cr70/MCR, Doc. 125, pg. 9 given by this Court. A copy of said instruction is attached hereto as Exhibit D.  However, please note that the words "which are in evidence" (from the first paragraph) and "already in the record (from the second paragraph) has been removed from the instruction given in *Richardson* because at least one of the government's summary exhibits will contain a timeline summary of various pleadings that are not being introduced at trial.   Federal Rules of Evidence, Rule 1006 provides that a "proponent may use a summary, chart, or calculation to prove the content of voluminous writings, . . . . that cannot be conveniently examined in court."   In order for this to be allowed, "The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."  The government has done so during the discovery process.  Therefore, the government intends to utilize Rule 1006 in this instance without introducing the underlying documents.

importance, if any, as you feel they deserve. To the extent that the charts or summaries, in whole or in part, are not an accurate summary of evidence, you may disregard the charts or summaries, in whole or in part.

21. Government's Proposed Special Instruction for Transcripts[9]

As you know, one or more exhibits were introduced during trial as typewritten transcripts of oral conversations that can be heard on recordings received in evidence.

The transcripts also purport to identify the speakers engaged in such conversations. I admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listened to the recordings.

However, you are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based on your own examination of the transcripts in relation to your hearing of the recordings themselves as the primary evidence of their own content; and, if you should determine that any transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

22. BI # 10.4 - Caution - Punishment (Multiple Defendants – Multiple Counts)

23. BI # 11 - Duty Deliberate

24. BI # 12 - Verdict

---

[9] The proposed transcripts instruction was taken from *United States v. Buddy Lamar Redden*, 3:13cr51/MCR, Doc. 75, pg. 13 given by this Court. Please note that the Court's instruction was modified via the removal of the word "tape" as the recordings the government anticipates introducing were made via digital recording and not "tape." A copy of said instruction is attached hereto as Exhibit E.

WHEREFORE, the Government requests that the Court consider the above in the instructions to the jury.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
21 East Garden Street
Pensacola, Florida 32502
(850) 444-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically using the Court's CM/ECF system and therefore Thomas S. Keith and J. Christopher Klotz are scheduled to receive a copy on this 24th day of February, 2015.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
