UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                               CASE NO:  3:14cr91/MCR

**KENT E. HOVIND, and
PAUL JOHN HANSEN,**

       **Defendants.**

_____/

## ORDER

The trial of this case is scheduled to begin March 2, 2015.  A second pretrial conference was held on Friday, February 20, 2015.   Prior to the conference, the Government filed five motions in limine across two separate filings (Docs. 81, 86); Defendant Hansen, through counsel, filed a Motion for Leave for Mr. Hansen to File and Plead Motions (Doc. 82), and individually filed an *ex parte* Motion Requesting *Nelson* Hearing (Doc. 83); and Defendant Hovind filed a Motion in Limine Regarding Lawsuit Filed by Anthony Jaworski (Doc. 87), and a Motion in Limine Regarding Out-of-Court Statements Made by Co-Defendant (Doc. 88).  The Court addressed Hansen's motions in an ex parte hearing with Hansen and his appointed counsel.  The Court then addressed the Government's and Hovind's motions in a separate hearing with all parties present.

Hansen's Motions

In his first motion (Doc. 82), Hansen requests permission to file and plead certain motions pertaining to personal and territorial jurisdiction *without the assistance of counsel*, who is unwilling to make the arguments due to ethical and professional concerns.  In his second motion (Doc. 83), Hansen requests a hearing to address the effectiveness of his appointed counsel and whether he may employ hybrid representation at trial.  As set forth below, Hansen's first motion is granted.  Hansen's second motion is denied as moot with respect to Hansen's request for a hearing (which

has now been conducted), and denied with respect to Hansen's request to proceed through trial pro se with appointed counsel as co-counsel.

On several occasions, Hansen has expressed a desire to proceed through trial in a hybrid fashion. However, as the Court has repeatedly conveyed, there is no constitutional right to hybrid representation of the type requested by Hansen. *See Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (citing cases holding that an individual does not have a right to hybrid representation). Nevertheless, given counsel's ethical concerns regarding the particular motions Hansen wishes to file and in an effort to allow Hansen to preserve all issues for appellate review, if necessary, the Court will permit Hansen to submit these particular jurisdictional challenges to the Court in a pro se manner. However, because Hansen has never clearly and unequivocally expressed a desire to represent himself and because there is no right to hybrid representation, *see Cross*, 893 F.2d at 1291-92, the Court advised Hansen that he would be permitted to proceed in this fashion only on this one occasion and for this sole purpose. *See Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011) (indicating that a court may, in its discretion, permit hybrid representation where warranted). Moreover, because Hansen has clearly exercised his right to be represented by counsel, the Court stressed to him that he will not be permitted to discharge his appointed counsel *in the midst of trial* in order to proceed in a hybrid fashion, and specifically, to make arguments to the jury his counsel is not at liberty to pursue.[1]

At the hearing, the Court determined that Hansen's claim of ineffectiveness is, in essence, a more specific objection to his counsel's refusal to file the particular motions

---

[1] At the hearing, the Court told Hansen that he would not be permitted to waive his right to counsel going forward; however, the Court has reconsidered its position in this regard and will allow Hansen until the start of jury selection to clearly and unequivocally notify the Court of his desire to represent himself at trial. The Court recognizes that Hansen has a constitutional right to represent himself pursuant to *Faretta v. California*, 422 U.S. 806 (1975), but also that such a request must be made in a timely manner. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 162 (2000) (noting "most courts require" a defendant to elect to proceed *pro se* "in a timely manner"); *United States v. Davis*, 269 F.3d 514, 520 (5th Cir. 2001) ("The district court was not obliged to honor Davis's mid-trial request to represent himself"); *United States v. Dunlap*, 577 F.2d 867 (4th Cir. 1978), *cert. denied*, 439 U.S. 858 (1978) (holding that once a trial begins, it is within the trial court's discretion whether to allow the defendant to dismiss counsel and proceed *pro se*); *Russell v. State*, 383 N.E.2d 309, 314-15 (Ind. 1978) (day-of-trial requests for *pro se* status are *per se* untimely, and thus, the trial court can deny them at its discretion). Under no cirumstances, however, will Hansen's decision to represent himself delay the start of the trial; nor will hybrid representation be permitted at trial.

outlined above. Indeed, Hansen indicated that he is generally satisfied with his counsel's performance to date. Given that Hansen has been permitted to file his jurisdictional challenges pro se, Hansen's claim of ineffective assistance is dismissed as moot.

Government's Motions

Four of the Government's five motions in limine are included in one omnibus motion (Doc. 81), in which the Government has moved to preclude the defense from making the following types of arguments: (1) those relating to jury nullification; (2) those pertaining to the Government's former counsel who handled prior litigation involving Hovind; (3) those alleging general misconduct on the part of the Internal Revenue Service ("IRS") that is unrelated to this case; and (4) those relating to policies of the United States or any agency thereof, including the IRS.

Regarding the Government's first motion, the Court finds that the defense will not be permitted to make any type of "jury nullification" argument that would encourage the jury to ignore or disregard the law. Thus, the motion is granted.[2] The Government's second motion is denied as moot, as counsel for both Defendants have indicated that they have no intent to make such arguments at trial. With respect to the Government's third and fourth motions, counsel for each Defendant stated that they do not anticipate discussing these particular issues at trial. Thus, the Government's third and fourth motions are granted, with the caveat that Defendants will be permitted to raise any issues at trial that they deem appropriate and relevant to this case, subject to objection by the Government.

In the Government's final motion (Doc. 86), the Government seeks to prohibit the defense from "arguing or suggesting that the government, the Court's Clerk, or the Grand Jury were under an obligation to identify the legal authority upon which Grand Jury Subpoena 19424 was issued."[3] This particular motion is related to Count Six of the

---

[2] The Government's additional arguments, and the Court's rulings, regarding specific objectionable comments made by Hansen's counsel were discussed at length at the hearing, and need not be repeated here.

[3] According to the Government, its concern here relates to certain statements the defense made at Hansen's detention hearing before Magistrate Judge Charles Kahn, in which "it appeared as though the defense was suggesting that the government or the Court were under some obligation to identify the legal authority for the Grand Jury Subpoena." According to the Government, no such requirement exists.

Superseding Indictment (Doc. 28), which charges Hansen with contempt for failing to appear before the Court to provide handwriting samples and fingerprints pursuant to the Grand Jury Subpoena.  At the hearing, Hansen stated that he intends to defend these charges by presenting to the jury *his belief* that he was due an explanation regarding the legal authority upon which the Indictment is based.  The Court will take this motion under advisement, and will inform the parties if further briefing is required.

Finally, the Government indicated that it will seek to admit certain business records into evidence.  The Court reviewed the records at issue, and finds the records admissible under Fed. R. Evid. 902(11).  The Court also finds that the records are non-testimonial, and therefore not barred from admission by the Sixth Amendment's Confrontation Clause.[4]   Accordingly, the records are admissible.

Hovind's Motions

In his first motion (Doc. 87), Hovind objects to the Government's stated intent to introduce into evidence the complaint filed in *Anthony Jaworski v. United States Treasury*, No. 1:13-cv-395 (D. D.C.).  At the conference, the Government stated that it does not intend to introduce the *Complaint* filed in *Jaworski*, but instead will seek to introduce certain exhibits attached to that Complaint.  Accordingly, Hovind's motion is granted as it pertains to the Complaint in *Jaworski*.  The Court finds the exhibits attached to the Complaint admissible as relevant to the issue of whether Defendants engaged in a "scheme . . . to defraud the United States *and others* and to obtain money and property ordered forfeited by the United States," as alleged in Count One of the Indictment.

Finally, in his second motion (Doc. 88), Hovind objects to the admission of certain out-of-court statements made by co-defendant Hansen that he anticipates the Government will seek to admit at trial.  Hovind's counsel has indicated that he will likely

---

Rather, "a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance."  *United States v. R. Enter., Inc.*, 498 U.S. 292, 301 (1991).  In addition, "[r]equiring the Government to explain in too much detail the particular reasons underlying a subpoena threatens to compromise 'the indispensable secrecy of grand jury proceedings.'"  *Id.* at 299.

[4] The Court further notes that each Defendant has waived his right to challenge the admissibility of these records by failing to object in accordance with the Government's requested response time  of February 13, 2015, and the Court's motion in limine deadline.

make certain hearsay objections to such statements as trial progresses. The Court takes the motion under advisement, and will rule on any such objections as they arise.

Accordingly:

1. The Court makes the following determinations regarding the Government's Motions in Limine One Through Four (Doc. 81):

    a. Regarding arguments relating to jury nullification, the Government's motion is **GRANTED**.

    b. Regarding arguments pertaining to the Government's former counsel, the Government's motion is **DENIED** as moot.

    c. Regarding arguments alleging general misconduct on the part of the Internal Revenue Service, the Government's motion is **GRANTED**; and

    d. Regarding arguments relating to policies of the United States or any agency thereof, the Government's motion is **GRANTED**.

2. The Government's Fifth Motion in Limine (Doc. 86) is **DEFERRED** and will be taken under advisement pending the start of trial.

3. Defendant Hansen's Motion for Leave for Mr. Hansen to File and Plead Motions (Doc. 82) is **GRANTED**. The Court will consider and rule on Hansen's motions.

4. Defendant Hansen's Motion Requesting *Nelson* Hearing (Doc. 83) is **DENIED** as moot pertaining to his request for a hearing, and is **DENIED** with respect to his request to proceed through trial pro se with appointed counsel as co-counsel.

5. Defendant Hovind's Motion in Limine Regarding Lawsuit Filed by Anthony Jaworski (Doc. 87), is **GRANTED** as it relates to the complaint filed in that case, and **DENIED** as it relates to the exhibits attached to the complaint.

6. Defendant Hovind's Motion in Limine Regarding Out-of-Court Statements Made by Co-Defendant (Doc. 88) is not ripe, and is therefore **DENIED**, with the caveat that Hovind will be permitted to make such evidentiary objections at trial.

**DONE AND ORDERED on this 24th day of February 2015.**

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**