**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 3:14cr91/MCR

PAUL JOHN HANSEN

_____/

**O R D E R**

Following a jury trial, Defendant was found guilty on Counts Five and Six of the Superseding Indictment and was scheduled for sentencing June 12, 2015. (*See* doc. 142). The jury was unable to reach a unanimous agreement as to Counts One and Four of the Superseding Indictment and a mistrial was declared as to those counts. (*See* doc. 152). Pursuant to the Government's notice of intent to retry the undecided charges contained in Counts One and Four (doc.153), the case has been set for trial commencing May 18, 2015 (*see* doc. 155). This matter is now before the Court on Defendant's Motion Requesting Pretrial Release. (Doc. 148). Upon consideration, the Court denies Defendant's motion.

The Bail Reform Act of 1984 governs release pending sentencing. *See* 18 U.S.C. § 3143(a). Section 3143(a) provides in pertinent part that a person who has been found guilty of an offense shall be detained unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community or another person if released. Under the statute, a person's conviction is presumed correct, and it is the defendant's burden to overcome that presumption by satisfying the above criteria. *United States v. Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985), *cert. denied*, 479 U.S. 1018, 107 S.Ct. 669, 93 L.Ed.2d 721 (1986).[1]

---

[1] The law prior to 1984 was different. The former version of the statute, the Bail Reform Act of 1966, contained a presumption in favor of release, notwithstanding a conviction, such that a person was entitled to bail unless the government could show that the person posed a risk of flight or danger to the community or another person. *See Giancola*, 754 F.2d at 900-01. Congress' intent in repealing the earlier version of the statute in favor of the 1984 Act was to limit substantially the number of persons released pending sentencing and appeal. *Id.; United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985).

In this case, a jury found Defendant guilty on two separate charges of willfully and knowingly disobeying and resisting a lawful process, decree, and command of a court. Notably, one of these charges pertained to Defendant's failure to appear in this District pursuant to a subpoena issued by this Court.  Additionally, Defendant is once again facing trial on mail fraud charges, which carry a maximum statutory penalty of twenty years in prison.  Finally, Defendant is a resident of Omaha, Nebraska, with no significant ties to this community.  Accordingly, the Court cannot find by clear and convincing evidence that Defendant would not pose a serious risk of nonappearance if released.

Defendant's Motion Requesting Pretrial Release (doc. 148) is DENIED.

**DONE and ORDERED** this 20th day of March, 2015.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT COURT**